**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MEIKA DESEAN BRITTON**                                                         **PLAINTIFF**

**v.**                                                                                 **No. 3:16CV84-MPM-RP**

**SOUTHAVEN POLICE DEPARTMENT
DETECTIVE BRENNON RUSHING
CHIEF OF POLICE STEVE PIRTLE
PROBATION OFFICER FRANK CASWELL
PROBATION OFFICER SUPERVISOR BONITA CLARK
CIRCUIT COURT JUDGE GERALD W. CHATHAM, SR.
ASSISTANT DISTRICT ATTORNEY ROBERT R. MORRIS, III
COMMISSIONER MARSHALL FISHER**                 **DEFENDANTS**

**JUDGMENT**

Having considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation, the court finds that the plaintiff's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court.

The court will directly address only two of the plaintiff's objections to the Magistrate Judge's Report and Recommendation: his claim of municipal liability against the City of Southaven and his equal protection claim. As the Magistrate Judge noted in discussing Britton's claim of municipal liability, the complaint alleged no facts showing the existence of a policy or custom of the City or its policymakers which caused injury to the plaintiff, and Mr. Britton did not provide any in his objections. In the absence of allegations involving such a policy or custom, the complaint does not state a viable claim under 42 U.S.C. § 1983, and this claim will be dismissed with prejudice. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009).

In addition, as to his equal protections claim, the plaintiff's pleadings did not contain allegations that a defendant treated another, similarly situated, inmate more favorably than Britton.

As such, the Magistrate Judge recommended that the plaintiff's equal protection allegations be dismissed for failure to state a claim upon which relief could be granted. In his objection to the Report and Recommendation, however, Mr. Britton argues that fellow inmate Jessie Tiddle was similarly situated and received different treatment. Britton now alleges:

> On the same day Britton went to his hearing a fellow inmate Jessie Tiddle was in court with him on the same original charge as Britton and violated his post release supervision with a failure to register [as a sex offender] charge. The results of his was were completely different as the prosecutor dropped the revocation of probation as long as Tiddle [pled] guilty to [the] new charge of failure to register [as a sex offender] . . . .

In the present case, Mr. Britton faced new charges of exploitation of a child by soliciting a minor to depict sexual acts for the viewing of another person over a computer network. Britton had previously been convicted of that same charge, but arising on an earlier occasion out of different events. Indeed, he had only recently been released from incarceration after serving time on the previous child exploitation charge when he was investigated for new instances of child exploitation relevant to the present case.

The problem with Mr. Britton's argument in his objections is that he and Tiddle were *not* similarly situated. While Tiddle had failed to register as a sex offender, Britton faced new charges of child exploitation – the precise crime that led to his incarceration in the first place. Though both crimes are serious, exploitation of a child is far more serious than failure to register – a significant fact that prevents the court from finding Britton and Tiddle to be similarly situated. In addition, Britton has not alleged that: (1) facing new charges is less harsh than revocation of probation on the old charges; and (2) that, given the opportunity, he would have pled guilty to the new child exploitation charge, rather than accept revocation of his probation on the old charges.

It appears to the court that conviction on new charges would have been a worse outcome than mere revocation of parole on the old one. A conviction on new felony charges would leave Mr. Britton with two felony convictions – and, should he commit a felony in the future, expose him

to the harsh penalties under Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81 (as well as the habitual offender statutes in other states, nearly all of which operate as "three strikes" laws). For that reason, it appears that the example Mr. Britton provided, the plea of guilty to a second offense, does not constitute more lenient treatment, and Britton's claim regarding denial of due process will be dismissed.

It is **ORDERED**:

1. That the plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. That the Report and Recommendation of the United States Magistrate Judge is hereby **APPROVED AND ADOPTED** as the opinion of the court; and

3. That all of the claims and defendants in this case are **DISMISSED** with prejudice, except the claim of illegal search and seizure as to defendants Detective Brennon Rushing, Probation Office Frank Caswell, and Probation Supervisor Bonita Clark.

**SO ORDERED**, this, the 31st day of January, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**